IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
CIVIL DIVISION

FILED
OCT 28 2013
BETTE S. GREEN, CLERK
ST. FRANCIS COUNTY

STACY KILGORE, as personal representative
of the ESTATE OF CALEB HAYDAR                          PLAINTIFF

VS.                      CASE NO. CV-2013-167-1

ANTHEM INSURANCE COMPANIES, INC.,
MEDPAY ASSURANCE, AIR EVAC LIFETEAM, and
REGIONAL MEDICAL CENTER AT MEMPHIS                 DEFENDANTS

## COMPLAINT FOR BAD FAITH, BREACH OF CONTRACT AND DECLARATORY JUDGMENT

COMES NOW the Plaintiff, by and through her attorneys, Donald E. Knapp, Jr., and for her Complaint for Bad Faith, Breach of Contract and Declaratory Judgment, states:

I.    JURISDICTION AND VENUE

1. Plaintiff is the appropriately appointed personal representative of the Estate of Caleb Haydar by appointment of the Circuit Court of St. Francis County, Arkansas.

2. The Estate of Caleb Haydar is currently open for administration in the Circuit Court of St. Francis County, Arkansas.

3. Defendant Anthem Insurance Companies, Inc., hereinafter referred to as "Anthem", is a foreign corporation conducting business in the State of Arkansas.

4. Defendant MedPay Assurance is a foreign corporation conducting business in the State of Arkansas on behalf of Defendant Regional Medical Center at Memphis.

5. Defendant Air Evac Lifeteam, hereinafter referred to as "AirEvac", is a foreign corporation conducting business in the state of Arkansas.

6. Defendant Regional Medical Center at Memphis, hereinafter referred to as "The Med", is a foreign corporation having debts owed to it in St. Francis County, Arkansas and having a

vested interest in this matter.

7. The events giving rise to this Complaint occurred in St. Francis County, Arkansas.

8. Jurisdiction and venue are proper in this Court.

II. FACTS

9. Paragraphs one (1) through eight (8) are incorporated herein by reference as if set forth word for word.

10. On April 8, 2013, Caleb Haydar was struck and killed while operating a motorcycle on State Highway No. 1., in St. Francis County, Arkansas.

11. Caleb Haydar was struck by automobile operated by Rita Stiles.

12. As a result of the accident, Caleb Haydar was flown from St. Francis County, Arkansas by Defendant Air Evac to Defendant The Med's facility in Memphis, Tennessee. Caleb Haydar was pronounced dead at The Med.

13. At the time of the accident, Caleb Haydar was covered by a policy of health insurance provided by Defendant Anthem. A copy of said insurance card is attached hereto as Exhibit "A".

14. Defendant Air Evac made a claim upon the health insurance of Caleb Haydar in the amount of approximately $26,500.00. Defendant Anthem repriced said services, as required by contract, and paid Defendant Air Evac approximately $6,800.00 for its services.

15. Pursuant to the contractual terms between Defendant Anthem and Defendant Air Evac, Defendant Air Evac is bound to accept the repriced amount as payment in full in exchange for Defendant Anthem providing coverage. A copy of the contract is not available to Plaintiff due to the fact that it is in the possession of Defendant Air Evac and Defendant Anthem.

16. After accepting the repriced amount from Defendant Anthem, Defendant Air Evac

made demand upon the Estate of Caleb Haydar in contravention of the contract in the approximate amount of $19,700.00.

17. As a result of services provided to Caleb Haydar, Defendant The Med issued an invoice in the approximate amount of $63,500.00 dollars to the Estate of Caleb Haydar and filed a lien therein.

18. Defendant The Med contracted with Defendant MedPay Assurance to collect the aforementioned debt on its behalf.

19. Rita Stiles, the party responsible for the accident only had $25,000.00 in liability coverage.

20. Defendant The Med agreed to file its claims for services with Defendant Anthem due to the insufficient insurance coverage available and did so.

21. Defendant Anthem reported to The Med that there was no coverage available to for Caleb Haydar because coverage ceased on April 7, 2013.

22. Plaintiff, through her counsel, contact Defendant Anthem and was assured that coverage was available for the April 8, 2013 services and in face, Anthem had already paid once claim to Defendant Air Evac for services provided on April 8, 2013. Defendant Anthem stated that Defendant The Med had not filed its claim.

23. Upon inquiry, The Med assured that its claim had been filed twice and denied by Defendant Anthem twice with the notation by Defendant Anthem that coverage ceased on April 7, 2013.

24. The Estate of Caleb Haydar is a third party beneficiary of the contractual agreement between Defendant Anthem and Defendant Air Evac.

**COUNT I - BAD FAITH AS TO DEFENDANT ANTHEM**

25. Paragraphs one (1) through twenty-four (24) are incorporated herein by reference as if set forth word for word.

26. Defendant Anthem is liable to Plaintiff for Bad Faith as stated herein:

A. Plaintiff has sustained damages in the approximate amount of 25,000.00 as a result of Defendant Anthem's Bad Faith;

B. Defendant Anthem willfully and dishonestly made statements that coverage for Caleb Haydar ceased on April 7, 2013 in an attempt to avoid paying a valid claim; and

C. Defendant Anthem's Bad Faith caused the aforementioned damages to Plaintiff in the amount of $25,000.00.

## COUNT II - BREACH OF CONTRACT AS TO DEFENDANT ANTHEM

27. Paragraphs one (1) through twenty-six (26) are incorporated herein by reference as if set forth word for word.

28. Caleb Haydar was and the Estate of Caleb Haydar is the third-party beneficiary of under the policy of insurance identified by the insurance card attached hereto as Exhibit "A" and issued by Defendant Anthem.

29. Pursuant to the terms of the insurance agreement, Defendant Anthem is obligated to pay valid medical expenses incurred on behalf of Caleb Haydar so long as the policy is in effect.

30. Said policy was in effect and in good standing on April 8, 2013.

31. On April 8, 2013, Caleb Haydar was killed in an automobile accident through no fault of his own.

32. As a result of the accident, Caleb Haydar incurred medical expenses in the approximate amount of $85,000.00.

33. Defendant Anthem failed and refused to pay approximately $25,000.00 to Defendant

The Med as required pursuant to the insurance agreement.

34. As a result of Defendant Anthem's breach of contract, Plaintiff has sustained damages in the amount of $25,000.00.

### COUNT III - DECLARATORY JUDGMENT

35. Paragraphs one (1) through thirty-four (34) are incorporated herein by reference as if set forth word for word.

36. Plaintiff herein seeks this Court declare the following:

a. Caleb Haydar was covered by a valid policy of health insurance provided by Defendant Anthem.

b. Said policy of health insurance was in effect through midnight on April 8, 2013.

c. That Defendant Air Evac has been compensated in accord with its contractual benefits; and

d. The lien filed against the Estate of Caleb Haydar by Defendant Air Evac is invalid.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant Anthem Insurance Companies, Inc., for Bad Faith, and Breach of Contract in an amount equal to $25,000.00 in addition to punitive damages in the amount of $25,000.00 as a result of Defendant Anthem's Bad Faith in order to deter said conduct in the future; for Declaratory Judgment declaring that Caleb Haydar was covered by a valid policy of health insurance and that said coverage was in effect on April 8, 2013, the lien of Air Evac is invalid, and for all other relief deemed appropriate by this Court with said monetary relief, inclusive of all compensatory damages, punitive damages, interest, costs, and attorney fees not to exceed $74,500.00.

Respectfully submitted,

KNAPP LAW FIRM

By: /s/ Donald E. Knapp, Jr.
Donald E. Knapp, Jr. (06067)
107 Hickory Hill Dr.
Helena, AR 72342
(870) 338-3100
(870) 338-3101 Fax